**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br>    Deidra M. Scruggs,<br>          *Debtor* | Case No.: 25-30607 (AMN)<br>Chapter 7 |
| Dairwood Vereen,<br><br>        *Plaintiff*<br><br>v.<br><br>Deidra M. Scruggs,<br><br>        *Defendant* | Adv. Proceeding No. 25-03007 (AMN)[1]<br><br><br><br><br><br><br><br><br><br>Re:[2] AP-ECF Nos. 47, 51 |

**AMENDED MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR EXTENSION OF TIME, IN PART**

In January 2026, the Court set a June 15, 2026, trial date for this adversary proceeding. After plaintiff Dairwood Vereen's ("Mr. Vereen") counsel withdrew, the Court continued the trial date to August 4, 2026, with Mr. Vereen's consent. On June 23, 2026, the Court entered a Pre-Trial Scheduling Order (AP-ECF No. 47 is the "PTO") setting a July 29, 2026, deadline for filing lists of witnesses, exhibits and other pretrial items, in anticipation of the agreed-upon August 4, 2026, trial date. On July 28, 2026, one day before the deadline to file witness and exhibit lists, Mr. Vereen filed a Motion to Extend Time (AP-ECF No. 51 is the "Motion") seeking a three-month extension of the trial date

---

[1]The only change made in this Amended Memorandum of Decision and Order was to correct the initials in the caption of the case.

[2] "ECF No." refers to the document number on the court's electronic case filing docket for the main Chapter 7 case, Case No. 25-30607. "AP-ECF No." refers to the document number on the court's electronic case filing docket for the adversary proceeding case, Adversary Proceeding No. 25-03007.

and pre-trial deadlines, but included no evidence supporting the request.  Mr. Vereen argued in the Motion that he is unable to proceed as scheduled due to anxiety about the case, and he requested additional time to obtain certain unspecified documents.  The Court entered a scheduling order advising the parties that the trial date would be used to address the request for additional time, and identified four alternate trial dates that would be discussed during the August 4th status conference.  AP-ECF No. 56.

At 9:59 a.m., on August 4, 2026 – one minute before the commencement of the 10:00 a.m. status conference -- the Clerk of Court received a doctor's note filed by the Plaintiff in support of the Motion.  ECF No. 58.  The note does not provide any specific information as to what timing would best facilitate the Plaintiff's condition, instead stating simply that proceeding on August 4th was not advised.  The Court realized the note had been filed midway through the status conference and sealed it due to the personal medical information it contained.

A continuance may be denied if granting it would not allow the moving party to introduce additional information that would progress the matter forward, among other reasons.  *Wells Fargo, N.A. v. Speer (In re Speer)*, 2015 Bankr. LEXIS 2705, 8 (Bankr. D. Conn. 2015).  In this determination, courts may consider the value of the additional evidence compared to the cost of delay, and whether the requesting party has acted with proper diligence in obtaining this information.  *In re Litwok*, 246 B.R. 1, 9 (E.D.N.Y. 2000). Other factors include the reasons presented in support of the continuance, the inconvenience to the court, and the utility of the continuance.  *United States v. Padilla-Galarza*, 175 F.4th 48, 56-57 (1st Cir. 2026).

Trial judges have "considerable discretion in matters of scheduling and in seeing that the trial is conducted in a fair, efficient, and orderly manner." *Grotto v. Herbert*, 316 F.3d 198, 206 (2d Cir. 2003); *see also Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Appellate courts review orders denying continuances for abuse of discretion and will not find such abuse unless the denial is found to be both arbitrary and to have prejudiced the defendant.  *In re Jean-Francois*, 516 B.R. 699, 703 (E.D.N.Y. 2014); *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (quoting *United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993)).

Based upon Mr. Vereen's presentation at the August 4th status conference, the current procedural posture of the case, Mr. Vereen's level of participation in this case to date, the fact that discovery has been completed, and in consideration of the note filed at AP-ECF No. 58, the Court finds a three-month extension of time is not a reasonably necessary accommodation and that the cost of further delay outweighs the potential value of any additional information Mr. Vereen may obtain.

There is no evidence that a three-month continuance would serve the interests of justice.  However, the Court will grant a three-week extension and continue the trial to August 24, 2026, to permit the Plaintiff additional time to finalize his witness and exhibit lists and to prepare for the trial.

A separate Amended Pre-Trial Scheduling Order will enter extending the various pre-trial deadlines proportionately.

Accordingly, it is hereby

**ORDERED**: The Motion (AP-ECF No. 51) is GRANTED IN PART, and the trial will be continued to August 24, 2026, at 10:00 a.m.

Dated this 5th day of August, 2026, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut